883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hugh Arthur BEAN, Plaintiff-Appellant,
v.
John JUNGLING, Sgt., Defendant-Appellee.
 No. 89-1045.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and SAM H. BELL, District Judge.*
 
 ORDER
 
 2
 Hugh A. Bean, Jr., a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief, plaintiff, a prisoner at Huron Valley Men's Facility (HVMF) in Ypsilanti, Michigan, sued John Jungling, a guard at HVMF, alleging violations of his eighth amendment right to be free from cruel and unusual punishment caused by defendants' placing him in restraints known by defendant to be too tight. Defendant filed a motion for summary judgment to which plaintiff failed to respond. The matter was referred to a magistrate whose report and recommendation the district court adopted over plaintiff's timely objections. Summary judgment was entered for defendant and plaintiff's complaint was dismissed.
 
 
 4
 Upon consideration we conclude that because plaintiff failed to prove the existence of a genuine issue of material fact, see Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986), the district court properly entered summary judgment for defendants.
 
 
 5
 Plaintiff's eighth amendment claim simply fails to reach constitutional dimensions. Only deliberate indifference to serious medical needs tantamount to the unnecessary and wanton infliction of pain violates the eighth amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). It is obduracy and wantonness, not inadvertence or error in good faith which characterizes cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319 (1986). The record reveals that defendant originally ordered the restraint to be placed on plaintiff for the purpose of temporarily restraining his destructive behavior. Moreover, it is clear that while defendant gave the initial order that the restraints be applied, he had little direct involvement in the events of the following two days. Hence, as nothing in the record suggests that plaintiff's injuries were caused by defendant Jungling, no eighth amendment violation has been established against him.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sam H. Bell, U.S. District Judge for the Northern District of Ohio, sitting by designation